UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANGELA ADAMS LICENSING, LLC and ANGELA ADAMS DESIGNS, LLC<br><br>                  Plaintiffs,<br>v.<br><br>WAL-MART STORES, INC., WAL-MART.COM, INC. and HOMESTEAD INTERNATIONAL GROUP LTD.<br><br>                  Defendants. | Civil Action No. 2:11-cv-00005-GZS<br><br>JURY DEMANDED |

## **WAL-MART STORES, INC. AND WAL-MART.COM USA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

Defendants WAL-MART STORES, INC. ("Walmart") and WAL-MART.COM USA, LLC (erroneously sued as "Wal-Mart.com, Inc." ("Walmart.com")) (collectively "Defendants"), answer the Complaint[1] as follows:

### **INTRODUCTION**

1. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and on that basis deny them.

### **THE PARTIES, JURISDICTION AND VENUE**

2. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and on that basis deny them.

3. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and on that basis deny them.

4. Walmart admits the allegations of Paragraph 4.

---

[1] Plaintiffs have assented to extend the time for WAL-MART STORES, INC. and Wal-Mart.com USA, LLC to file an answer to the Complaint until February 15, 2011.

5. Walmart.com admits the allegations of Paragraph 5, except that its correct legal name is Wal-Mart.com USA, LLC.

6. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 and on that basis deny them.

7. Defendants do not dispute subject matter jurisdiction.

8. Defendants do not contest personal jurisdiction and deny liability.

9. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and on that basis deny them.

10. Defendants do not contest venue.

## PLAINTIFFS' COPYRIGHTS

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 and on that basis deny them.

12. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 and on that basis deny them.

13. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and on that basis deny them.

14. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and on that basis deny them.

15. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 and on that basis deny them.

## DEFENDANTS' WRONGFUL CONDUCT

16. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 and on that basis deny them.

17. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and on that basis deny them.

18. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and on that basis deny them.

19. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and on that basis deny them.

20. Defendants admit that the "Ellington" bedding and "Lyra" pillows were sold at Walmart stores. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 and on that basis deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and on that basis deny them.

22. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and on that basis deny them.

23. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and on that basis deny them.

24. Defendants admit that the "Mandala" pillows were sold at Walmart stores. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 24 and on that basis deny them.

25. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and on that basis deny them.

26. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and on that basis deny them.

27. Defendants admit that the "Space Dots" pillows were sold at Walmart stores. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 27 and on that basis deny them.

28. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and on that basis deny them.

29. Defendants admit that the "Costa" pillows were sold at Walmart stores. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 29 and on that basis deny them.

30. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and on that basis deny them.

31. Defendants admit the allegations in Paragraph 31.

32. Admit.

33. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and on that basis deny them.

34. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 and on that basis deny them.

**COUNT ONE:
COPYRIGHT INFRINGEMENT OF THE MANFRED
COPYRIGHT ("ELLINGTON" BEDDING)**

35. In response to Paragraph 35, Defendants incorporate herein by reference the responses to Paragraphs 1 through 34 above.

36. Defendants deny liability and infringement.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

## COUNT TWO:
## COPYRIGHT INFRINGEMENT OF THE MANFRED COPYRIGHT ("LYRA" PILLOWS)

45. In response to Paragraph 45, Defendants incorporate herein by reference the responses to Paragraphs 1 through 44 above.

46. Defendants deny liability and infringement

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

## COUNT THREE:
## COPYRIGHT INFRINGEMENT OF THE SPIKE COPYRIGHT

55. In response to Paragraph 55, Defendants incorporate herein by reference the responses to Paragraphs 1 through 54 above.

56. Defendants deny liability and infringement.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

## COUNT FOUR:
## COPYRIGHT INFRINGEMENT OF THE CASCO COPYRIGHT

65. In response to Paragraph 65, Defendants incorporate herein by reference the responses to Paragraphs 1 through 64 above.

66. Defendants deny liability and infringement.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

## COUNT FIVE:
## COPYRIGHT INFRINGEMENT OF THE PEBBLE COPYRIGHT

75. In response to Paragraph 75, Defendants incorporate herein by reference the responses to Paragraphs 1 through 74 above.

76. Defendants deny liability and infringement.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

## COUNT SIX:
## COPYRIGHT INFRINGEMENT OF THE EASTON COPYRIGHT

85. In response to Paragraph 85, Defendants incorporate herein by reference the responses to Paragraphs 1 through 84 above.

86. Defendants deny liability and infringement.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The complaint fails to state a claim upon which relief can be granted.

- 8 -

## SECOND AFFIRMATIVE DEFENSE

### No Copying

Defendants did not copy constituent original elements, if any of Plaintiffs' purported copyrighted work.

## THIRD AFFIRMATIVE DEFENSE

### Lack of Substantial Similarity

There is a lack of substantial similarity between the ideas and expression of ideas printed on the retail products sold by Defendants and Plaintiffs' purported copyrighted work.

## FOURTH AFFIRMATIVE DEFENSE

### Public Domain

The work that Plaintiffs claim has been infringed is not entitled to copyright protection on the grounds that it is within the public domain and/or does not constitute copyrightable subject matter.

## FIFTH AFFIRMATIVE DEFENSE

### Merger

Plaintiffs' claims are barred by the doctrine of merger.

## SIXTH AFFIRMATIVE DEFENSE

### Scenes A Faire

Plaintiffs' claims are barred by the doctrine of scenes a faire.

## SEVENTH AFFIRMATIVE DEFENSE

### Lack of Intent to Infringe

Defendants acted in good faith and without intent to infringe.

## EIGHTH AFFIRMATIVE DEFENSE

### Fair Use

Defendants' conduct constitutes fair use, if any, of Plaintiffs' purported copyrighted work.

## NINTH AFFIRMATIVE DEFENSE

### Alleged Use De Minimis

Defendants deny infringement and substantial similarities between the Plaintiffs' design and the accused design. Any alleged use of Plaintiffs' design is, at most, de minimis and therefore not actionable.

## TENTH AFFIRMATIVE DEFENSE

### Unjust Enrichment

Plaintiffs are barred from recovery in whole or in part because Plaintiffs would be unjustly enriched if they are permitted to recover on the complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

This action is barred in whole or in part due to Plaintiffs' unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### Acquiescence / Estoppel / Waiver

This action is barred in whole or in part due to Plaintiffs' acquiescence, as well as the doctrines of estoppel and waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### No Mitigation of Damages

Plaintiffs have failed to mitigate damages, if any, allegedly sustained.

SFCA_1797410.1

- 10 -

## FOURTEENTH AFFIRMATIVE DEFENSE

### Copyright Act

Defendants reserve the right to rely on any and all judicially recognized defenses under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*, and all amendments and revisions thereto, including that the purported copyrights are invalid, void or enforceable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Reservation of Defenses

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as yet unstated affirmative defenses available, and reserve the right to assert such additional defenses in the event that further discovery, investigation or analysis warrants.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiffs take nothing by reason of their Complaint and that judgment be rendered in favor of Defendants;

B. That Plaintiffs be ordered to pay Defendants' attorneys' fees and costs;

C. That Plaintiffs' claimed rights be declared invalid; and

D. That Plaintiffs be ordered to provide such further legal and equitable relief as the Court deems just and proper.

SFCA_1797410.1

Dated:  February 15, 2011	Respectfully submitted,

/s/ Courtney Worcester
Courtney Worcester (Bar No. 008940)
Foley & Lardner LLP
111 Huntington Ave., Suite 2600
Boston, MA 02199-7610
Phone: 617-342-4000
Fax:  617-342-4001
Email:  cworcester@foley.com

ATTORNEYS FOR DEFENDANTS WAL-MART STORES, INC. and WAL-MART.COM, INC.

## DEMAND FOR JURY TRIAL

Defendants hereby demands trial by jury of all issues so triable.

Dated:  February 15, 2011	/s/ Courtney Worcester
	Courtney Worcester

- 12 -

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANGELA ADAMS LICENSING, LLC and ANGELA ADAMS DESIGNS, LLC<br><br>                        Plaintiffs,<br>      v.<br><br>WAL-MART STORES, INC., WAL-MART.COM, INC. and HOMESTEAD INTERNATIONAL GROUP LTD.<br><br>                        Defendants. | Civil Action No. 2:11-cv-00005-GZS<br><br>JURY DEMANDED |

## CERTIFICATE OF SERVICE

      I hereby certify that on February 15, 2011, I electronically filed Wal-mart Stores, Inc. and Wal-mart.com, USA, LLC's Answer and Affirmative Defenses and Demand for Jury Trial with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Margaret Minister O'Keefe
Pierce Atwood LLP
One Monument Square
Portland, ME 04101
mokeefe@pierceatwood.com
Attorney for Plaintiffs

and I hereby certify that on February 15, 2011, I mailed by United States Postal Service, this document to the following non-registered participants:

Homestead International Group, Ltd.
c/o CT Corporation System
111 Eighth Ave
New York, New York 10011

- 12 -

        /s/ Courtney Worcester
Courtney Worcester (Bar No. 008940)
Foley & Lardner LLP
111 Huntington Ave., Suite 2600
Boston, MA 02199-7610
Phone: 617-342-4000
Fax: 617-342-4001
Email: cworcester@foley.com

SFCA_1797410.1