## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ANGELA ADAMS LICENSING, LLC and ANGELA ADAMS DESIGNS, LLC,<br><br>                Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., WAL-MART.COM, INC., and HOMESTEAD INTERNATIONAL GROUP LTD.,<br><br>                Defendants. | 2:11-CV-00005 (GZS) |

## HOMESTEAD INTERNATIONAL GROUP LTD.'S
## MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT AND
## INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ....................................................................1

FACTUAL STATEMENT ............................................................................3

ARGUMENT ...............................................................................................4

I.     THE STANDARD FOR A MOTION TO DISMISS .........................................4

II.    PROVING COPYRIGHT INFRINGEMENT IN THE FIRST CIRCUIT .........................6

III.   THE DETERMINATION OF SUBSTANTIAL SIMILARITY IS PROPER ON A MOTION TO DISMISS ...............................................8

IV.   HOMESTEAD'S ELLINGTON BEDDING IS NOT SUBSTANTIALLY SIMILAR TO ANGELA ADAMS' MANFRED DESIGN .............................................11

     A.    The Elements of Angela Adams' Manfred Design ...................................11

     B.    The Elements of Homestead's Ellington Design ....................................13

     C.    The Differences Between the Two Designs ...........................................13

V.    CONCLUSION................................................................................15

## TABLE OF AUTHORITIES

### CASES

Allen v. Scholastic, Inc.,
   739 F. Supp. 2d 642 (S.D.N.Y. 2011)......................................................................................8

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009)............................................................................................................5

Banco Santander de Puerto Rico v. Lopez-Stubbe,
   324 F.3d 12 (1st Cir. 2003)....................................................................................................5

Beaudin v. Ben & Jerry's Homemade, Inc.,
   95 F.3d 1, 2 (2d Cir. 1996)....................................................................................................7

Beddall v. State Bank and Trust Co.,
   137 F.3d 12 (1st Cir. 1998)....................................................................................................5

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)................................................................................................................5

Capcom Co. v. MKR Group, Inc.,
   No. 08-CV-0904, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) ..........................................11

Concrete Mach. Co. v. Classic Lawn Ornaments,
   843 F.2d 600 (1st Cir. 1988)..................................................................................................7

Creations Unlimited, Inc. v. McCain,
   112 F.3d 814 (5th Cir. 1997) .................................................................................................7

Franklin Mach. Prods. v. Heritage Food Serv. Equip.,
   No. 06-CV-379, 2007 WL 4287568 (N.D. Ind. Dec. 5, 2007) ..........................................8, 11

Gargano v. Liberty Int'l Underwriters, Inc.,
   572 F.3d 45 (1st Cir. 2009)....................................................................................................4

Gilbert v. New Line Prods., Inc.,
   No. 09-CV-0223, 2009 WL 7422458 (C.D. Cal. Nov. 16, 2009)...........................................10

Harper & Row, Publishers, Inc. v. Nation Enters.,
   471 U.S. 539 (1985)................................................................................................................6

Johnson v. Gordon,
   409 F.3d 12 (1st Cir. 2005).................................................................................................6, 7

Key Publ'ns, Inc. v. Chinatown Today Publ'g Enters., Inc.,
   945 F.2d 509 (2d Cir. 1991)..................................................................................................6

Matthews v. Freedman,
    157 F.3d 25 (1st Cir. 1998)................................................................6

Nelson v. PRN Prods., Inc.,
    873 F.2d 1141 (8th Cir. 1989) ........................................................10

Nollet v. Justices of the Trial Court of Com. of Mass.,
    83 F. Supp. 2d 204 (D. Mass. 2000) .................................................5

Peter F. Gaito Architecture v. Simone Dev. Corp.,
    602 F.3d 57 (2d Cir. 2010)...............................................2, 5, 8, 9, 10

Peter F. Gaito Architecture v. Simone Dev. Corp.,
    No. 08-CV-6056, 2009 WL 5865686 (S.D.N.Y. May 22, 2009) .............9

Randolph v. Dimension Films,
    630 F. Supp. 2d 741 (S.D. Tex. 2009) ...........................................8, 11

Rosenfeld v. Twentieth Century Fox Film,
    No. 07-CV-7040, 2009 WL 212958 (C.D. Cal. Jan. 28, 2009) ............10

Segrets, Inc. v. Gillman Knitwear Co.,
    42 F. Supp. 2d 58 (D. Mass. 1998) ...............................................7, 13

Staggs v. West,
    No. 08-CV-728, 2009 WL 2579665 (D. Md. Aug. 17, 2009) ................11

Tabachnik v. Dorsey,
    257 F. App'x 409, 410 (2d Cir. 2007) .............................................10

Telebrands Corp. v. Del Labs., Inc.,
    719 F. Supp. 2d 283 (S.D.N.Y. 2010)...............................................8

Theotokatos v. Sara Lee Personal Prods.,
    971 F. Supp. 332 (N.D. Ill. 1997) ....................................................8

Thomas v. Walt Disney Co.,
    337 F. App'x 694 (9th Cir. 2009) ...................................................10

Watterson v. Page,
    987 F.2d 1 (1st Cir. 1993).................................................................5

Wildlife Express Corp. v. Carol Wright Sales, Inc.,
    18 F.3d 502 (7th Cir. 1994) .............................................................7

Zella v. E.W. Scripps Co.,

529 F. Supp. 2d 1124 (C.D. Cal. 2007) ...................................................................................11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ANGELA ADAMS LICENSING, LLC and ANGELA ADAMS DESIGNS, LLC,<br><br>                  Plaintiffs,<br><br>        vs.<br><br>WAL-MART STORES, INC., WAL-MART.COM, INC., and HOMESTEAD INTERNATIONAL GROUP LTD.,<br><br>                  Defendants. | 2:11-CV-00005 (GZS)<br><br>**HOMESTEAD INTERNATIONAL GROUP LTD.'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW** |

Defendant Homestead International Group Ltd. ("Homestead"), by and through its attorneys, hereby moves to dismiss Count I of Plaintiff's six-count Complaint, with prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and incorporates this Memorandum of Law in support thereof.

**PRELIMINARY STATEMENT**

This motion seeks to dismiss one of six copyright claims asserted by Angela Adams Licensing, LLC and Angela Adams Designs, LLC (collectively "Angela Adams") against defendants Wal-Mart Stores, Inc., Wal-Mart.com, Inc. (collectively "Wal-Mart") and Homestead (collectively "Defendants"). Specifically, Homestead seeks to dismiss Count I, which alleges that Homestead's "Ellington" Bedding design infringes Angela Adams' alleged copyright in its design known as "Manfred." Homestead seeks a dismissal of Count I on the grounds that its Ellington Bedding is not substantially similar to Angela Adams' Manfred design under the First Circuit's ordinary observer test. Both "Manfred" and "Ellington" feature vertical lines and four-sided figures. This is insufficient to constitute "substantial similarity."

Over the years, federal courts, including most recently the Second Circuit, have found that under appropriate circumstances (like those presented here), the question of substantial similarity between the plaintiff's design and a defendant's design can be determined on a motion to dismiss, provided that the court has before it all that is necessary to make a comparison of the works in question.  In *Peter F. Gaito Architecture v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010) (hereinafter *Gaito*), the Court of Appeals for the Second Circuit affirmed the district court's decision to dismiss a copyright claim based on lack of substantial similarity on a Rule 12(b)(6) motion.  The *Gaito* court held that district courts may decide that two works are not substantially similar as a matter of law on a motion to dismiss when the designs are attached to the plaintiff's complaint or incorporated by reference therein and, when substantial similarity is lacking, dismissal is proper early in the case.  *Id.* at 64.

Angela Adams' copyrighted Manfred design is attached as Exhibit 1 to the Complaint and Homestead's accused Ellington Bedding is attached as Exhibit 6.  Images of both are reproduced below for the Court's convenience.

Angela Adams' Manfred Design        Homestead's Ellington Bedding




Because Angela Adams has appended visual images to the Complaint of both the asserted Manfred copyright as well as the accused Ellington Bedding product, this Court possesses all of the information necessary to dismiss Count I as a matter of law.  A simple comparison of the two designs demonstrates that substantial similarity is lacking and that Ellington is not a copy of Manfred.  Accordingly, this Court, applying both well-established federal law and common sense must dismiss Count I of the Complaint.

## FACTUAL STATEMENT

Angela Adams commenced this lawsuit on January 6, 2011, by filing a complaint alleging that the Defendants infringed five different two-dimensional artwork designs, all of which are the subject of individual certificates of registration (the "Complaint").  Docket Entry ("D.E.") 1-1.[1]  In the Complaint, Angela Adams alleges that from 2005 to 2008, Angela Adams shared various copyrighted designs with Homestead for the purpose of developing a home décor collection which included, *inter alia*, bedding and decorative pillows to be sold under the ANGELA ADAMS trademark.  (D.E. 1 ¶ 1, ¶¶ 17-18).  One of the copyrighted designs Angela Adams alleges it shared with Homestead for this purpose is the Manfred design, which is the subject of U.S. Copyright Registration No. VAu 448-267.  (D.E. 1 ¶¶ 11, 19).  A copy of the

---

[1] Specifically, Reg. No. VAu 448-267 is for the design entitled "Manfred", Reg. No. VAu 499-775 is for the design entitled "Spike", Reg. No. VA 1-634-407 is for the design entitled "Casco", Reg. No. VAu 647-931 is for the design entitled "Pebble" and Reg. No. VAu 682-728 is for the design entitled "Easton".  Copies of each of these certificates of registration along with a corresponding image of the covered designs are attached to the Complaint as Exhibits 1-5.  (D.E. 1).

certificate of registration for the Manfred design is appended to the Complaint as Exhibit 1 (D.E. 1-1).[2]

Angela Adams alleges that sometime after their relationship ended, Homestead developed a line of bedding products for sale at Wal-Mart. (D.E. 1 ¶ 20). One of those products is the "Ellington Bedding" design. (D.E. 1 ¶¶ 20-21). Angela Adams alleges that Homestead's Ellington Bedding design is substantially similar to the Manfred design and infringes its copyright. (D.E. 1 ¶¶ 35-44). An image of Homestead's accused Ellington Bedding is attached to the Complaint as Exhibit 6 (D.E. 1-6).[3]

Homestead answered the Complaint on March 1, 2011, denying Angela Adams' copyright infringement claims. (D.E. 11). There are six counts in the Complaint; each alleges copyright infringement. The basis of each count is a different design by Angela Adams. Only Angela Adams' Manfred design (and Homestead's Ellington Bedding design), which constitute Count I of the Complaint, are the subject of this motion to dismiss.[4]

## ARGUMENT

## I.   THE STANDARD FOR A MOTION TO DISMISS

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48

---

[2] For the Court's ease of reference, a copy of the Manfred design is appended hereto as Exhibit A.

[3] For the Court's ease of reference, an image of Homestead's Ellington Bedding is appended hereto as Exhibit B.

[4] Defendants are not moving to dismiss the copyright claim asserted against Homestead's Lyra Pillow, which Angela Adams also alleges infringes the Manfred Design and is the subject matter of Count II. (D.E. 1 ¶¶ 45-54).

(1st Cir. 2009).  To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted); *see also Banco Santander de Puerto Rico v. Lopez-Stubbe*, 324 F.3d 12, 15 (1st Cir. 2003) (noting that on a motion to dismiss the Court is not bound "to credit bald assertions [or] unsupportable conclusions").  "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal,* 129 S. Ct. at 1949.  Pleading a fact that is "merely consistent with a defendant's liability" does not satisfy the plausibility standard.  *Id.* (quotation marks omitted).

In ruling on a motion to dismiss a court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits and any documents incorporated in the complaint by reference.  *Gaito*, 602 F.3d at 64; *Nollet v. Justices of the Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000) ("When ruling on a 12(b)(6) motion to dismiss..., the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice may be taken."); *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993) (noting that a court may consider documents "central to plaintiff's claim" or "sufficiently referred to in the complaint" without converting the motion to one for summary judgment; *see Beddall v. State Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When. . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that

document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").  Here, the Court may consider Exhibits 1 and 6, which contain images of the asserted Manfred design and the accused Ellington Bedding and are attached to the Complaint.

## II.      PROVING COPYRIGHT INFRINGEMENT IN THE FIRST CIRCUIT

To prevail on a claim of copyright infringement, the plaintiff must show both (1) ownership of a valid copyright and (2) copying of the constituent elements of the work that are original.  *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005) (quoting *Feist Publ'ns. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *Matthews v. Freedman*, 157 F.3d 25, 26-27 (1st Cir. 1998).[5]  Proof of wrongful copying is a two-part test.  *Johnson*, 409 F.3d at 18.  First, the plaintiff must offer proof that, "as a factual matter, the defendant copied the plaintiff's copyrighted material."  *Id.* (quoting *Segrets, Inc. v. Gillman Knitwear Co.*, 207 F.3d 56, 60 (1st Cir. 2000)).[6]  Second, the plaintiff must demonstrate that "the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar."  *Id.* (citing *Segrets*, 207 F.3d at 60).[7]

─────────────

[5] For the purpose of this motion only, Homestead does not dispute the validity of Angela Adams' copyright in the Manfred design.

[6] Plaintiff may satisfy this obligation directly by adducing evidence that the alleged infringer had access to the copyrighted work and that a sufficient degree of similarity exists between the copyrighted work and the allegedly infringing work as to give rise to an inference of actual copying.  *Johnson*, 409 F.3d at 18 (citation omitted).  The First Circuit refers to this degree of similarity as "probative similarity."  *Id*.  Again, for the purpose of this motion only, Homestead will not dispute actual copying, as this is a factual issue better addressed after discovery.

[7] For the purpose of this motion only, Homestead applies the lesser "substantial similarity" test of infringement, rather than the more stringent "virtual identity" test. To be eligible for copyright protection, a work must be "original."  *Harper & Row, Publishers, Inc. v. Nation Enters*., 471 U.S. 539, 547-49 (1985).  Original means not copied, and exhibiting a minimal amount of creativity." *Key Publ'ns, Inc. v. Chinatown Today Publ'g Enters., Inc*., 945

The second prong, and the only element at issue in this motion, is known as the substantial similarity requirement. *Johnson*, 409 F.3d at 18. "The substantial similarity requirement focuses holistically on the works in question and entails proof that the copying was so extensive that it rendered the works so similar that the later work represented a wrongful appropriation of expression." *Id.* (quoting *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 33 (1st Cir. 2001)); *Segrets*, 207 F.3d at 60.

Whether there is substantial similarity between copyrightable expressions is determined by the "ordinary observer" test. *Concrete Mach. Co. v. Classic Lawn Ornaments*, 843 F.2d 600, 607 (1st Cir. 1988). "The test is whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible [*sic*] expression by taking material of substance and value." *Id*. (quoting *Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 541 (3d Cir. 1986)). The proper comparison to be made under the ordinary observer test is between the image of the Manfred design appended to Angela Adams' copyright registration and the Homestead's accused Ellington Bedding.[8] *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997) (assessing substantial similarity between a side-by-side comparison of the copyrighted work and the accused design); *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 506 n.1

---

F.2d 509, 512 (2d Cir. 1991). To the extent that public domain elements such as four-sided figures and vertical lines used in plaintiff's Manfred design can be sufficiently creative to be entitled to copyright protection, that protection is thin at best and thus the allegedly infringing design must be virtually identical to be infringing. *See, e.g.*, *Beaudin v. Ben & Jerry's Homemade, Inc*., 95 F.3d 1, 2 (2d Cir. 1996) ("Where the quantum of originality [of the plaintiff's design] is slight and [therefore] the resulting copyright is 'thin,' infringement will be established only by very close copying." Because the plaintiff's design is nothing more than an arrangement of ordinary shapes, namely rectangles, squares and lines, the "virtual identity" standard should apply. Nevertheless, the differences between the two designs in this case are so significant that they cannot even meet the lesser test of substantial similarity.

[8] Compare D.E. 1 Ex. 1 with D.E. 1 Ex. 6 (or Exhibits A and B attached hereto).

7

(7th Cir. 1994) (noting courts make "side-by-side" and "ocular" comparisons to determine whether works are substantially similar); *Randolph v. Dimension Films*, 630 F. Supp. 2d 741, 746 (S.D. Tex. 2009) (assessing plaintiff's book and defendant's movie side-by-side and concluding no substantial similarity); *Franklin Mach. Prods. v. Heritage Food Serv. Equip.*, No. 06-CV-379, 2007 WL 4287568, at *4 (N.D. Ind. Dec. 5, 2007) (granting motion to dismiss where "[v]iewed side by side, the overall effect is simply very different"); *Theotokatos v. Sara Lee Personal Prods.*, 971 F. Supp. 332, 340-43 (N.D. Ill. 1997) (making a side-by-side comparison of designs to Olympic Games and concluding no substantial similarity existed).  As indicated in the governing authority, this is not a difficult exercise and involves merely a visual comparison of the two designs.  As set forth more fully in Section IV below,  a side-by-side ocular comparison of the designs at issue shows that substantial similarity is lacking between them.

## III.   THE DETERMINATION OF SUBSTANTIAL SIMILARITY IS PROPER ON A MOTION TO DISMISS

At least three copyright cases decided in the last year have found that under certain circumstances, the question of substantial similarity can be determined on a motion to dismiss, provided that the court has before it all that is necessary to make a comparison of the works in question.  *See Gaito*, 602 F.3d 57 (dismissing copyright claim on a motion to dismiss where works at issue were appended to the complaint as exhibits); *Allen v. Scholastic, Inc.*, 739 F. Supp. 2d 642 (S.D.N.Y. 2011) (same); *Telebrands Corp. v. Del Labs.*, Inc., 719 F. Supp. 2d 283 (S.D.N.Y. 2010) (same).  The impact of these decisions is significant.  Where, as here, the items in dispute are appended to the complaint, the parties need not engage in protracted discovery or expend considerable expense in the form of expert testimony to decide the issue of substantial similarity.  Instead, the Court is empowered to truncate the process in its entirety by making a

common sense, ocular side-by-side comparison of the disputed products and dismissing claims that are unsustainable as a matter of law.  Homestead respectfully submits that Count I of the Complaint is ripe for such Court determination.

In *Gaito*, the Second Circuit affirmed the lower court's dismissal of a copyright dispute over a design proposal for a residential high-rise tower in New York.  602 F.3d at 69.  Noting that the "question of substantial similarity is by no means exclusively reserved for resolution by a jury," the Second Circuit opined that "in certain circumstances, it is entirely appropriate for a district court to resolve that question as a matter of law. . . because no reasonable jury, properly instructed, could find that the two works are substantially similar."  *Id*. at 63.

The plaintiff in *Gaito* accused the defendants of copying certain architectural designs and specifications which it had submitted in conjunction with some of the defendants, as part of a joint venture with plaintiff, to the City of New Rochelle, New York.  *Peter F. Gaito Architecture v. Simone Dev. Corp*., No. 08-CV-6056, 2009 WL 5865686, at *1 (S.D.N.Y. May 22, 2009).  Subsequent to the demise of the parties' relationship, the defendants retained the services of another architecture and planning firm, and continued work on the project.  *Id*. at *2.  Believing that the defendants had copied plaintiff's plans, plaintiff filed suit, appending copies of both designs to the complaint.  In moving to dismiss the complaint under Rule 12(b)(6), the defendants argued that a side-by-side comparison of the designs required the court to conclude that, as a whole, the plans were not substantially similar.  The district court agreed.  *Id*. at *7.

On appeal, the Second Circuit held that it was entirely proper to decide the issue of substantial similarity on a motion to dismiss because, "[w]hen a court is called upon to consider whether works are substantially similar, no discovery or fact-finding is typically

necessary, because what is required is only a visual comparison of the works." *Gaito*, 602 F.3d at 64 (citation omitted).  The court continued:

> [W]here, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarities between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation.  If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law . . . the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief.

*Id.* (citations omitted).

*Gaito* is not new law.  Rather, it is the most recent circuit court iteration of prior decisions across the country which have held that when a copyrighted work and the allegedly infringing copy are submitted with the pleadings and are available to the court for side-by-side comparison, substantial similarity can be decided on a Rule 12(b)(6) motion to dismiss.  *See e.g.*, *Thomas v. Walt Disney Co.*, 337 F. App'x 694 (9th Cir. 2009) (affirming dismissal where no substantial similarity existed between plaintiff's literary work and defendant's movie); *Tabachnik v. Dorsey*, 257 F. App'x 409, 410 (2d Cir. 2007) (upholding dismissal of plaintiff's copyright infringement claim with prejudice based on comparison of plaintiff's doctoral dissertation and excerpts from the defendant's work); *Nelson v. PRN Prods., Inc.,* 873 F.2d 1141, 1143 (8th Cir. 1989) (upholding dismissal with prejudice of copyright infringement claim of plaintiff's song lyrics by artist Prince and noting that "[t]he District Court had before it . . . complete copies of both [plaintiff's] song and Prince's and was therefore in proper position to apply the substantial similarity test"); *Rosenfeld v. Twentieth Century Fox Film*, No. 07-CV-7040, 2009 WL 212958, at *3 (C.D. Cal. Jan. 28, 2009) (dismissing copyright claim with prejudice after finding no substantial similarity); *Gilbert v. New Line Prods., Inc.*, No. 09-CV-0223, 2009 WL 7422458, at *6 (C.D. Cal. Nov. 16, 2009) (dismissing complaint in its entirety

because no additional set of facts would allow plaintiff to prevail on copyright infringement claims where works were not substantially similar); *Randolph*, 630 F. Supp. 2d at 749 (granting motion to dismiss where no substantial similarity existed between plaintiff's book and defendant's motion picture); *Staggs v. West*, No. 08-CV-728, 2009 WL 2579665, at *3 (D. Md. Aug. 17, 2009) (dismissing copyright claim because no substantial similarity existed between plaintiff's copyright in the music and lyrics and defendant's song); *Capcom Co. v. MKR Group, Inc.*, No. 08-CV-0904, 2008 WL 4661479, at *11 (N.D. Cal. Oct. 20, 2008) (dismissing the copyright claim with prejudice after finding no substantial similarity); *Franklin Mach. Prods.*, 2007 WL 4287568, at *6 (granting motion to dismiss with prejudice where food services catalogues were not substantially similar); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1139 (C.D. Cal. 2007) (dismissing complaint with prejudice for lack of substantial similarity between treatment and script for cooking show and production company's television show).

As set forth more fully in the following section, an ocular, side-by-side comparison of Angela Adams' Manfred design and Homestead's Ellington Bedding demonstrates that Count I of the Complaint must be dismissed with prejudice for want of substantial similarity.

## IV. HOMESTEAD'S ELLINGTON BEDDING IS NOT SUBSTANTIALLY SIMILAR TO ANGELA ADAMS' MANFRED DESIGN

### A. The Elements of Angela Adams' Manfred Design

The plaintiff's Manfred design has a primitive motif, with what appears to be an uneven, hand-drawn geometric design in black against an earthy, beige background.  Manfred's geometric design is comprised of five columns containing various squares or rectangles in a variety of sizes and dimensions randomly spaced along vertical columns and connected by a

solid black line of uneven thickness.  (*See* Exhibit C.)[9]  The perimeters of the squares and rectangles are also of various thicknesses, giving the squares and rectangles an uneven look. (*Id.*)  The solid black lines connecting the squares and rectangles are in the middle of some columns and off center of the square or rectangle in other columns.  (*Id.*)

The first column of the Manfred design is comprised of four figures.  (Ex. C; column 1.)  The first is a square, followed by two rectangles and then another square.  The two rectangles are clustered horizontally under the first square and perpendicular to the solid black line.  (*Id.*)  The distance between the first square and the two clustered rectangles is much shorter than the distance between the rectangles and the second square.  (*Id.*)

The second column consists of a single square along the solid black line, which is located below the two-rectangle cluster in the first column and above the bottom square of the first column.  (Ex. C; column 2.)

The third column is comprised of two rectangles along the solid black line.  The first rectangle is narrow and elongated and is aligned horizontally and perpendicular to the solid black line.  It rests almost at the same level as the top square in column 1.  (Ex. C; column 3.) The second rectangle is slightly below the first, resting vertically along the solid black line and slightly above the first cluster of horizontal rectangles located in the first column.  (*Id.*)

The fourth column contains a pair of clustered vertical rectangles, located at the bottom of the solid line.  (Ex. C; column 4.)  They are roughly along the same plane as the bottom square of the first column.  (*Id.*)

_____

[9] For the Court's ease of reference, a second copy of the Manfred design is appended hereto as Exhibit C, with column numbers inserted to facilitate the Court's identification of the Manfred design features.

The fifth column contains two clustered squares, which rest along the same plane as the second rectangle in the third column.  (Ex. C; column 5.)

**B.      The Elements of Homestead's Ellington Design**

The Ellington Bedding design has a "busier," more modern look, with a larger number of design elements.  It consists of a repeated pattern of vertical rectangles evenly spaced along a vertical or y-axis, which alternates between light blue and light brown.  (Ex. B.)   The inside of each of the rectangles is either medium brown or cream in color.  (*Id.)*  All of the rectangles are approximately the same size and rest against a dark brown background.  (*Id.*)  Depending on the color of the vertical axis (light blue or light brown), the corresponding rectangle is similarly outlined. (*Id.*)  There are no squares in the Ellington Bedding.  None of the rectangles are horizontally aligned along the vertical, y-axis.  (*Id.*)  All of the rectangles are vertical. (*Id.*)  Further, the vertical line connecting the rectangle, runs uniformly in the center of the top of each rectangle and along the same plane.  (*Id.*)  Unlike the Manfred duo-chromatic, beige-and-black design, Homestead's Ellington Bedding design is comprised of five colors:  dark brown, medium brown, light brown, light blue and cream.   (*Id.*)

**C.      The Differences Between the Two Designs**

Under the ordinary observer test, the Court must evaluate whether the Ellington Bedding has copied the "overall look and feel" of the Manfred Design.  *See Segrets, Inc. v. Gillman Knitwear Co.,* 42 F. Supp. 2d 58, 82 (D. Mass. 1998).  An ocular comparison of the designs as well as the application of common sense shows that this is not so.

The overall visual impression created by the more complex and visually dense Ellington design is strikingly different from the sparsely primitive look of the Manfred design.  The Manfred design's differently shaped rectangles and squares, with uneven edges, gives it a more hand-drawn pre-industrial feeling.  In contrast, the Ellington has a more of a post-industrial

13

feeling, with uniformly shaped rectangles that repeat in an even, symmetrical pattern.  There are other specific differences between the two designs as well:

- The Ellington design is a balanced string of vertical, colored-in rectangles that appear roughly on the same plane and alternate in color along a y-axis.  This is markedly different from the asymmetrical clusters of monochromatic four-sided figures (both squares and rectangles) that appear in Angela Adams' Manfred design.

- The Manfred design is comprised of black figures on a beige background.  The Ellington design uses five different colors.

- The rectangles in the Ellington design are all vertical.  The Manfred design is comprised of both squares as well as vertical and horizontal rectangles.

- Further, the rectangles in the Ellington design are colored in light brown or cream.  None of the Manfred four-sided shapes are similarly colored in.

- The shapes in the Manfred design are randomly spaced and sometimes clustered.  Not so in the Ellington design.

The *only* similarity between the designs is that they both consist of four-sided shapes, connected vertically along a line.  These attributes are, however, insufficient alone to render them substantially similar.  Based on the significant differences between the designs, they cannot be said to be substantially similar as a matter of law.  Accordingly Count I must be dismissed.

14

## V.      CONCLUSION

For the reasons set forth above, defendant Homestead respectfully requests that this Court dismiss Count I of the Complaint with prejudice.

Dated:    May 4, 2011

By:  /s/ James G. Goggin
Lora A. Moffatt
Alison G. Carlson
James P. Jeffry
SALANS LLP
620 Fifth Avenue
New York, New York 10020
(212) 632-5555
*lmoffatt@salans.com*
*acarlson@salans.com*
*jjeffry@salans.com*

Of Counsel:

James G. Goggin
VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-0586
(207) 774-4000
*jgoggin@verrilldana.com*

**Attorneys for Defendant Homestead International Group Ltd.**

15

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| ANGELA ADAMS LICENSING, LLC, and ANGELA ADAMS DESIGNS, LLC | |
| Plaintiff, | |
| v. | Civil Action No. 2:11-cv-00005-GZS |
| WAL-MART STORES, INC., WAL-MART.COM, INC., and HOMESTEAD INTERNATIONAL GROUP LTD. | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below I electronically filed and mailed

Defendant Homestead International Group Ltd.'s Memorandum of Law in Support of Its Motion

to Dismiss Count I of Plaintiff's Complaint to each of the following counsel:

> Margaret Minister O'Keefe
> Pierce Atwood LLP
> One Monument Square
> Portland, ME 04101
> (207) 791-1100
> mokeefe@pierceatwood.com
>
> Laura Chapman, Esq.
> Foley & Lardner LLP
> 555 California Street, Suite 1700
> San Francisco, CA 94104-1520
> lchapman@foley.com
>
> Courtney Worcester, Esq.
> Foley & Lardner LLP
> 111 Huntington Ave., Suite 2600
> Boston, MA 02199-7610
> cworcester@foley.com

Date:  May 4, 2011                    By: /s/ James G. Goggin