UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANGELA ADAMS LICENSING, LLC,    )
                                )
        Plaintiff                )
                                )
v.                              )    No. 2:11-cv-05-GZS
                                )
WAL-MART STORES, INC., et al.,  )
                                )
        Defendants               )

## RECOMMENDED DECISION ON DEFENDANT HOMESTEAD INTERNATIONAL GROUP LTD'S MOTION TO DISMISS COUNT I

Homestead International Group Ltd., one of five defendants in this action alleging copyright infringement, moves to dismiss Count One of the plaintiff's second amended complaint, which charges it and other defendants with infringing the copyright for the plaintiff's Manfred design. I recommend that the court deny the motion.

### I. Applicable Legal Standard

The motion invokes Fed. R. Civ. P. 12(b)(6). Homestead International Group Ltd.'s Motion to Dismiss Count I of Plaintiff's Complaint ("Motion") (Docket No. 24) at 1. With respect to Rule 12(b)(6), as the Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that

1

is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, __ F.3d __, 2011 WL 3621548, at *1 (1st Cir. Aug. 18, 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

The plaintiff maintains that the motion is more appropriately characterized as one for judgment on the pleadings under Fed. R. Civ. P. 12(c). Plaintiffs'[1] Opposition to Defendant Homestead's Motion to Dismiss Count I ("Opposition") (Docket No. 27) at 3-4. The legal standard is much the same: the pleadings must be viewed in the light most favorable to the plaintiff and all reasonable inferences drawn from the facts alleged. *Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). The facts may be drawn from the complaint, documents attached to or incorporated into the complaint, and matters susceptible to judicial notice. *Warren Freedenfeld Assoc's, Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008).

---

[1] Since the opposition was filed, one of the two original plaintiffs, Angela Adams Designs, LLC, has been eliminated from the plaintiff's second amended complaint. Docket No. 43.
[2] This is not entirely clear, however. The plaintiffs also assert that they "need not prove or demonstrate substantial

2

## II. Factual Background

The complaint includes the following relevant factual allegations.

From 2005 to 2008, the plaintiffs shared copyrighted designs with defendant Homestead International Group Ltd. ("Homestead") and its predecessor-in-interest for the purpose of developing a branded Angela Adams home décor collection. Complaint (Docket No. 1) ¶ 1. In 2010, the plaintiffs discovered that a new line of home décor products had been launched by Wal-Mart that were "substantially similar to designs and products" that the plaintiffs had developed for Homestead. *Id.* Homestead is a supplier of home fashion products to the Wal-Mart defendants. *Id.* ¶ 6.

In 1999, Angela Adams was issued U. S. copyright registration number VAu 448-267, with an effective date of February 10, 1999, for a design with the title "Manfred." *Id.* ¶ 11. On October 27, 2004, this copyright registration was assigned to Angela Adams Licensing, LLC ("AAL"). *Id.*

In 2006, AAL entered into a licensing agreement with Homestead Holdings, Inc., which subsequently assigned its interest in the agreement to defendant Homestead. *Id.* ¶ 16. Under the agreement, the plaintiffs licensed certain copyrights and trademarks for placement on bedding and bath products to be marketed, distributed, and sold by Homestead as a branded Angela Adams collection of retail products. *Id.* ¶ 17. In 2006 and 2007, the plaintiffs provided defendant Homestead with several designs for bedding bearing the Manfred design. *Id.* ¶ 19.

Subsequent to 2007, defendant Homestead developed a substantially similar bedding design, which is being sold by Wal-Mart. *Id.* ¶ 20. Also subsequent to 2007, Homestead developed a decorative pillow that is substantially similar to the plaintiffs' Manfred copyright. *Id.* ¶ 21.

On August 23, 2010, the plaintiffs' attorneys sent a cease and desist letter to defendant Wal-Mart Stores, Inc. *Id*. ¶ 31. Counsel for Wal-Mart advised that seven of the nine items identified in the cease-and-desist letter had been supplied by defendant Homestead. *Id*. ¶ 32. On October 18, 2010, the plaintiffs' attorneys sent a separate cease and desist letter to defendant Homestead. *Id*. ¶ 33. Defendant Homestead did not respond to this letter. *Id*. ¶ 34.

The defendants market, distribute, sell, and offer for sale bedding products called "Ellington" that infringe the Manfred copyright. *Id*. ¶ 36. The defendants' actions were conducted with the knowledge that they were in violation of the Manfred copyright. *Id*. ¶ 37. The Manfred design is very popular and has become very well-known to persons in the trade and to the consuming public. *Id*. ¶ 38. The defendants' infringing actions have caused irreparable harm to AAL, including, but not limited to, lost sales, lost licensing opportunities, price erosion, injury to its goodwill and reputation, and encouragement of infringement by others. *Id*. ¶ 39.

The commercial value of AAL's copyright will be lost if the defendants continue their unlawful copying and commercial exploitation of the Manfred design. *Id*. ¶ 40. The defendants have profited not only by the sale of the infringing products but also by enhanced sales of related, non-infringing products. *Id*. ¶ 41.

### III. Discussion

#### A. Procedural Issue

Homestead contends that the court may consider its motion even if the complaint adequately alleges on its face an infringement of the plaintiffs' copyright because an image of the Manfred design and an image of the accused Ellington bedding are attached to the complaint. Motion at 6. It cites three recent cases in which this occurred. *Id*. at 8-11. The plaintiffs

4

respond that the motion to dismiss was untimely filed. Opposition at 3. However, they never repeat this assertion, and accordingly I will not address it.

At the conclusion of their memorandum of law, the plaintiffs ask the court to conclude that they "have a plausible basis for substantial similarity" after comparing the images. *Id*. at 15. I do not read this to dispute defendant Homestead's contention that this court may compare the images at this stage of the case.[2]

### B. Substantial Similarity

*1. Applicable Legal Standard*

To prevail on a claim of copyright infringement, a plaintiff must show "(1) the ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005) (citation omitted). For purposes of the instant motion, defendant Homestead does not dispute the first element. Motion at 6 n.5.

> Proof of wrongful copying is a two-step process. First, the plaintiff must show that copying actually occurred. This showing entails proof that, as a factual matter, the defendant copied the plaintiff's copyrighted material. Second, the plaintiff must establish that the copying is actionable by proving that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar.

409 F.3d at 18 (citations and internal punctuation omitted). Again, defendant Homestead does not dispute copying as a factual matter for purposes of its motion. Motion at 6 n.6.

On the only element of the test in dispute, defendant Homestead contends that "[w]hether there is substantial similarity between copyrightable expressions is determined by the 'ordinary observer' test." *Id*. at 7. The plaintiff apparently agrees. Opposition at 5.

---

[2] This is not entirely clear, however. The plaintiffs also assert that they "need not prove or demonstrate substantial similarity at this stage, but rather have alleged sufficient allegations to support a 'plausible' determination of substantial similarity." Opposition at 5.

5

*2. The Merits*

Under the "ordinary observer" test, a work will be said to be substantially similar to the copyrighted work if an ordinary person of reasonable attentiveness would, upon observing both, conclude that the defendant unlawfully appropriated the plaintiff's protectable expression. *Johnson*, 409 F.3d at 18. Application of the test requires a side-by-side visual comparison of the two works. *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).

When the works at issue are exhibits to the complaint, courts in the Second Circuit have held that the question of substantial similarity may be decided in the context of a motion to dismiss. *See, e.g., Peter F. Gaito Architecture v. Simon Dev. Corp.*, 602 F.3d 57, 59, 63-64 (2d Cir. 2010); *Allen v. Scholastic, Inc.,* 739 F.Supp.2d 642, 645, 654 (S.D.N.Y. 2011); *Telebrands Corp. v. Del Labs., Inc.*, 719 F.Supp.2d 283, 286 (S.D.N.Y. 2010). Even so, care must be taken, because such questions "typically should be left to the factfinder." *Creations Unlimited*, 112 F.3d at 816; *see also Gaito*, 602 F.3d at 63. A court is "principally guided by comparing the contested design's total concept and overall feel with that of the allegedly infringed work, as instructed by [its] good eyes and common sense." *Gaito*, 602 F.3d at 66 (citations omitted). If the ordinary observer, "unless he set out to detect the disparities [between the works at issue], would be disposed to overlook them, and regard their aesthetic appeal as the same[,]" *Roulo v. Russ Berrie & Company*, 886 F.2d 931, 939 (7th Cir. 1989), infringement may exist.

A court should not focus too intently on particular unprotected elements of a work at the expense of the work's overall protected expression. *Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62, 68 (1st Cir. 2009). Applying this approach to the case at hand, I cannot conclude that no reasonable jury could find that the Manfred and Ellington designs are substantially similar. I am aware that the Manfred design includes squares and rectangles with rounded corners connected

by somewhat uneven vertical lines and that the Ellington design includes only approximate squares with rounded corners on somewhat thicker vertical lines, that the figures are irregularly spaced in the Manfred design and regularly spaced in the Ellington design, and that each figure in the Ellington design is printed in two or more colors, while the Manfred figures are not.

Brown is the dominant color in the two designs, a fact not apparent from the black-and-white reproductions in the parties' memoranda of law. *See* Docket Nos. 24-1 & 24-2. Both could reasonably be deemed to have the same overall feel and total design concept – modernized or modified angular forms with square corners arranged vertically on visible axes. Thus, on the showing made, I recommend that the court deny the motion to dismiss. This conclusion makes it unnecessary to address the plaintiff's argument based on a derivative version of "the Manfred work," Opposition at 8-9, which the defendants vigorously assert is not before the court because it is not mentioned in the complaint. Homestead International Group Ltd.'s Reply in Support of Its Motion to Dismiss Count I of Plaintiffs' Complaint (Docket No. 29) at 2-4.

### IV. Conclusion

For the foregoing reasons, I recommend that defendant Homestead's motion to dismiss Count I (Docket No. 24) be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge