UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANGELA ADAMS LICENSING, LLC,  )<br>  )<br>      Plaintiff  )<br>  )<br>v.  )<br>  )<br>WAL-MART STORES, INC., et al.,  )<br>  )<br>      Defendants  ) | No. 2:11-cv-5-GZS |

### ORDER ON MOTION TO AMEND SCHEDULING ORDER

The plaintiff, Angela Adams Licensing, LLC, moves to amend the scheduling order to allow it to take one additional deposition, of a former employee of Defendant Homestead International Group Ltd., Juliana Um. Plaintiff's Motion to Amend the Scheduling Order to Permit an Additional Deposition (Docket No. 83) at [1]-[2]. The defendants oppose the motion. For the reasons that follow, the motion is granted.

This is a copyright infringement action involving several designs of home decor products. At the time the motion was filed, the plaintiff had taken six depositions and four more were planned. Ms. Um was not identified in Homestead's initial disclosures as the creator of any of the designs at issue, but the plaintiff learned during discovery that she might have created one or more of the designs. Affidavit in Support of Plaintiff's Motion to Amend the Scheduling Order to Permit an Additional Deposition ("O'Keefe Aff.") (Docket No. 83-1) ¶¶ 6-9.

The defendants assert that the plaintiff has not demonstrated good cause for the order it seeks. Defendants' Opposition to Plaintiff's Motion to Amend the Scheduling Order to Permit an Additional Deposition (Docket No. 86) at 1. They contend that the plaintiff no longer need

1

take its noticed deposition of another former employee of Homestead, Jenny Hoitt, whose name was included in Homestead's initial disclosures, because Homestead's Rule 30(b)(6) deposition witness testified that Ms. Hoitt had told her that Ms. Hoitt was not the originator of the Ellington design, one of the designs at issue in this case, and that Juliana Um might have originated that design. *Id*. at 1-2. Homestead has amended its initial disclosure to remove Ms. Hoitt's name. *Id.* at 2.

The defendants suggest that the plaintiff depose Ms. Um and then, if that deposition "provides good cause to take the deposition of Jenny Hoitt or any other witness, . . . Defendants' counsel would cooperate with Plaintiff's counsel to schedule that deposition[.]" *Id*. They assert that the plaintiff has not demonstrated that the subject matter of its depositions of Ms. Hoitt or Ms. Um would differ. They argue that they have cooperated in attempts to keep discovery costs down and that addition of another deposition "would not facilitate the parties' completion of discovery or preparation of dispositive motions, but would only increase the parties' burden and expenditure of resources on discovery." *Id*. at 4.

In response, the plaintiff offers to provide the court *in camera* with the topics upon which it will seek the testimony of Ms. Hoitt and Ms. Um, and adds the following information:

    1. Ms. Hoitt and Ms. Um were both Homestead designers responsible for collaborating with the plaintiff on designs under a licensing agreement.

    2. It appears that Ms. Um designed the Ellington pattern during that period.

    3. During 2009, Ms. Hoitt was responsible for providing designs to the Wal-Mart defendants.

Plaintiff's Reply in Further Support of its Motion to Amend the Scheduling Order to Permit an Additional Deposition (Docket No. 88) at [2].

It appears, although it is far from clear, that both Ms. Hoitt and Ms. Um are available for deposition in New York City, as the plaintiff states that it wishes "to attempt to take both depositions in New York at or around the same time, if possible." O'Keefe Aff. ¶ 12. That goal makes sense.

The plaintiff did not learn of the possible role of Ms. Um until the Rule 30(b)(6) deposition of Homestead. Homestead's belated removal of Ms. Hoitt's name from its initial disclosure does not make her potential testimony any less relevant. On balance, the plaintiff has made its case for the additional deposition of Ms. Um, rather than being compelled to forego the deposition of Ms. Hoitt until the defendants are satisfied by the deposition of Ms. Um that "good cause" exists to take Ms. Hoitt's deposition as well. The two depositions are to be taken in the most economical way possible and as soon as possible.

Absent a showing of extraordinary circumstances, no existing deadlines established by the current version of the scheduling order will be modified due to the taking of this one additional deposition.

Dated this 28th day of February, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge