UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANGELA ADAMS LICENSING, LLC,    )
                                )
                Plaintiff       )
                                )
v.                              )    No. 2:11-cv-05-GZS
                                )
WAL-MART STORES, INC., et al.,  )
                                )
                Defendants      )

*MEMORANDUM DECISION AND ORDER*
*ON MOTION TO QUASH SUBPOENA*

During a discovery teleconference with counsel on February 29, 2012, counsel raised the issue of a dispute between the parties regarding the service of a deposition subpoena on one of the plaintiff's trial attorneys. *See* Docket No. 95 at 2. I permitted the parties to file letter briefs on the issue. *See id*. With the benefit of those letter briefs, filed by email to the court, and treating the instant dispute as a motion by the plaintiff to quash the subpoena, I grant the motion.

Even assuming *arguendo*, despite the plaintiff's argument to the contrary, that the subpoena was timely served on February 27, 2012, the defendants fail to make a showing sufficient to justify the extraordinary relief of deposing trial counsel.[1] "Although not strictly forbidden, the procurement of trial testimony from opposing counsel is generally disfavored." *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003). In such circumstances, appropriate factors to consider

---

[1] On February 10, 2012, I granted the parties' joint motion to extend the discovery deadline from February 7, 2012, to March 9, 2012, but only for the purpose of completing depositions. *See* Docket Nos. 84-85. The now-sought deposition of trial counsel was not among the listed depositions forming the basis of the motion, *see* Docket No. 84, and the plaintiff
*(continued on next page)*

1

include "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Id*. These factors are also relevant to depositions of trial counsel. *See, e.g., In re Tyco Int'l Ltd.*, MDL No. 02-md-1335-PB, 2007 WL 2682763, at *1 (D. N.H. Sept. 7, 2007).

As the plaintiff contends in its letter brief, the defendants have failed to make a persuasive argument that there are no other viable means to obtain the same evidence or that the information sought is relevant, nonprivileged, and crucial to their case. This is so because:

1. The defendants do not identify particular information sought from the trial attorney, a former vice-president of licensing for the plaintiff. Rather, they argue in general terms that she is a "necessary fact witness" in this copyright infringement action because she (i) played an active role in the monitoring, modification, and eventual termination of a licensing agreement between the plaintiff and defendant Homestead International Group Ltd. ("Homestead"), and (ii) authored or received numerous documents produced in discovery in this case, examples of which are appended as Exhibit 1 to the defendants' letter brief. But, with one exception, a mention of "Spike" bedding in a June 23, 2008, email, none of the examples contained in Exhibit 1 concerns the copyrights or alleged infringing designs at issue in this case.

2. The defendants describe the licensing agreement as a major touchstone in this case through which the plaintiff will try to show that Homestead had access to the plaintiff's designs and paint Homestead as a bad actor by arguing that it failed to meet its obligations under the agreement. However, the plaintiff responds that the fact of the licensing agreement between the parties is

---

persuasively argues that the defendants should have known as of that time of the asserted need for that deposition.

undisputed, the reasons for its termination are irrelevant, and the plaintiff does not intend to make those reasons part of its infringement case.

3.      Although the defendants characterize the trial attorney as the only percipient witness with pertinent knowledge of the parties' licensing agreement, defendant Homestead's own current or former employees, including its licensing director Katia Uhlendorf, surely have such knowledge, and the plaintiff represents that the defendants' current trial counsel served as counsel with respect to the amendment and termination of that agreement.[2]

4.      To the extent that the defendants contend that the taking of the trial attorney's deposition is necessitated by a lack of knowledge on the part of Jennifer Bush, the Rule 30(b)(6) witness designated by the plaintiff to speak on licensing topics (Topics 40 and 41 of Homestead's deposition notice), the specific area about which the defendants complain that Ms. Bush lacked knowledge – the negotiation of the settlement and release terminating the licensing agreement – is not fairly described by Topics 40 and 41.

5.      Despite the defendants' professed intention not to seek discovery of any privileged information and to limit their questioning to the time period during which the trial attorney was responsible for licensing the asserted designs, the plaintiff represents that the trial attorney functioned as an attorney, dealing directly with defendant Homestead's counsel, with respect to negotiations regarding the amendment and termination of the parties' licensing agreement and,

---

[2] The defendants characterize the trial attorney's testimony as crucial in part because they seek to obtain admissions against interest from the plaintiff's principal licensing business person. Obviously, such admissions could not be obtained from their own employees. Nonetheless, they merely speculate that the trial attorney would make admissions against interest. In addition, given the plaintiff's representation that it does not intend to make its reasons for terminating the licensing agreement part of its infringement case, the relevance of the licensing agreement appears to be marginal.

therefore, the majority of the nine topics with respect to which the defendants seek to depose her implicate privileged information.

For the foregoing reasons, the plaintiff's motion to quash the subpoena is **GRANTED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 7th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge