UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANGELA ADAMS LICENSING LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-5-GZS |
| | ) | |
| WAL-MART STORES, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

*ORDER ON MOTIONS TO AMEND ANSWER AND TO MODIFY SCHEDULING ORDER*

Defendant Homestead International Group Ltd. moves for leave to amend its answer to assert an additional affirmative defense. Motion to Amend Homestead International Group Ltd.'s Answer ("Motion to Amend") (ECF No. 97). The plaintiff moves to amend the existing scheduling order to permit it to take additional discovery relating to documents produced by defendant Homestead at the end of the discovery period. Motion to Modify Scheduling Order to Allow Additional Discovery by Plaintiff Relating to Recently-Produced Documents ("Motion to Modify") (ECF No. 100). I reluctantly grant both motions.

## I. Motion to Amend

### A. Delay

Homestead contends that its attorneys only became aware of the proposed addition, the affirmative defense of independent creation, during the month preceding the deposition of its corporate designee, Stacy Haase, on January 30, 2012. Motion to Amend at 5-6. It asserts that it "has diligently pursued this motion by filing it within a week of the close of discovery and over two weeks in advance of the March 30, 2012 deadline for dispositive motions." *Id*. at 6. This

1

presentation neglects to mention that the deadline for amending pleadings in this case was November 21, 2011, or to explain why it only filed the motion on March 15, 2012, well after the deposition and the lawyers' "discovery." Homestead does not appear to have been "diligent" in either respect.

When, as here, the deadline for discovery has passed and notice of intent to file a dispositive motion has been filed, ECF No. 98, the party seeking to amend its pleadings must demonstrate good cause for its failure to do so before the deadline. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). This standard focuses on the diligence of the moving party "more than it does on any prejudice to the party-opponent." *Id*. *See generally Ergo Licensing. LLC v. Carefusion 303, Inc.*, Civil No. 08-259-P-S, 2010 WL 373660 (D. Me. Feb. 2, 2010).

The plaintiff does not contend that it would be prejudiced by the proposed addition. Such an argument would be unlikely to succeed, in any event, because the plaintiff itself sought discovery on the issue of independent creation, as shown in its notice of the deposition of Homestead's corporate designee. Declaration of Alison G. Carlson (ECF No. 97-2) ¶ 12 & Exh. 5 thereto, at 6. Significantly, the plaintiff does not ask for any additional discovery should this motion be granted. Thus, the issue of prejudice is insignificant.

The plaintiff's opposition to the instant motion mentions Homestead's delay in seeking to add the new affirmative defense, but devotes most of its argument to an assertion that the proposed amendment would be futile. Plaintiff's Opposition to Defendant Homestead's Motion to Amend Answer ("Amendment Opposition") (ECF No. 103) at 5-10. Its citation of *Roberge v. Lupo LLC*, 254 F.R.D. 21, 22-24 (D. Me. 2008), with respect to the issue of delay is unavailing. In that case, the plaintiff had to have been aware of the facts underlying the proposed amendment of the complaint before she filed the complaint initially. *Id*. at 23-24. Here, Homestead presents

at least a colorable claim that it could not have been aware of the new affirmative defense until it undertook to search its own records in response to a discovery request from the plaintiff, although its submissions do not suggest any reason, other than the volume of those records, why it should not have been looking at those materials much earlier, so as to discover any potential defenses in a timely manner.

I am governed on this issue by this court's decision in *El-Hajj v. Fortis Benefits Ins. Co.*, 156 F.Supp.2d 27 (D. Me. 2001). In that case, the defendant moved to amend its answer at a point in the proceeding at which the good cause standard applied. *Id*. at 34. Defense counsel asserts that, before filing the answer, he made a good faith investigation into the issue that would be raised by the proposed amendment but did not realize until discovery was ongoing that the proposed defense existed. *Id*. Finding that the addition of the defense would cause the plaintiff no prejudice, that the underlying issue had not "been a matter of any discussion" to date in the parties' motions and briefs, and that the proposed amendment would "not introduce new matters into th[e] case," the court granted the motion to amend. *Id*. at 34-35.

Homestead's delay does not require that its motion be denied.

### B.  Futility

The plaintiff argues in the alternative that the proposed amendment would be futile, because Homestead "lacks plausible evidence of independent creation." Amendment Opposition at 10. "A proposed amendment is futile if it lacks legal merit to such a degree that it would not stand up to a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss." *El-Hajj*, 156 F.Supp.2d at 34-35. Leave to amend will not be granted when the proposed amendment is futile.

The plaintiff asserts that "Homestead has no evidence to show who made the allegedly independent creations." Amendment Opposition at 8. It characterizes the testimony of

3

Homestead employees Haase, Hoitt, and Um on this issue as "at best inconclusive." *Id.*[1] However, the evidence sufficient to overcome a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted need not be "conclusive." The Rule 12(b)(6) standard does not involve the evaluation of the weight of available evidence. To the contrary,

> [t]he First Circuit has explained that there is no practical difference between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim. In ruling on a motion to dismiss, a court is required to accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.

*Benson v. University of Maine Sys.*, __ F.Supp.2d __, 2012 WL 1415715, at *3 (D. Me. Apr. 24, 2012) (citations and internal punctuation omitted). The same is true of a proposed amendment of an answer by addition of an affirmative defense. *Bayer Cropscience AG v. Dow Agrosciences LLC*, Civil No. 10-1045 (RMB/JS), 2012 WL 1253047, at *1-*2 (D. Del. Apr. 12, 2012).

Given this standard, the addition of the affirmative defense of independent creation would not be futile. The cited deposition testimony of Homestead's employees may well weaken the defense, and the metadata cited by Homestead may well strengthen it. Those are issues to be addressed at trial, or on a motion for summary judgment. I emphasize that the distinction is between a claim "that is plausible on its face" – that is, as written in the proposed amendment of the answer – and the "plausibility" inherent in proffered evidence. The former is the subject of the instant motion, as the plaintiff appears at one point to recognize. Amendment

---

[1] The plaintiff asserts that "Professor Nimmer has cautioned . . . that [a] defendant should produce as a witness the author whom the defendant claims created his work[.]" Amendment Opposition at 7. That representation excludes Professor Nimmer's limiting language to the effect that one who invokes the independent creation defense should produce the claimed author "whenever possible." 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 12.11[D][1] (2012). In at least one instance, the testimony cited by the plaintiff suggests that identifying an author would not be possible. Amendment Opposition at 3-4; Reply in Support of Homestead International Group Ltd.'s Motion to Amend Answer (ECF No. 111) at 6 n.7; *see also Anheuser-Busch, Inc. v. Balducci Pubs.*, 28 F.3d 769, 772 n. 1 (8th Cir. 1994) (defining "clip art" as "collections of pictures which may be inserted into a new publishing application[.]").

Opposition at 6.  The latter must be judged by a factfinder at trial, or possibly by the court in connection with a motion for summary judgment.  The plaintiff's citation of case law involving summary judgment in this section of its memorandum of law, *id*. at 7-8, illustrates this point.

The motion to amend is granted.

## II.  Motion to Modify Scheduling Order

The plaintiff moves to amend the scheduling order to allow it "to conduct additional discovery relating to documents recently produced by Defendant Homestead."  Motion to Modify Scheduling Order to Allow Additional Discovery by Plaintiff Relating to Recently-Produced Documents ("Discovery Motion") (ECF No. 100) at 1.  There is no dispute that a substantial number of documents were produced by Homestead at the close of discovery.  Indeed, Homestead concedes that the '[p]laintiff is entitled to some additional discovery on Homestead's most recent document production[.]"  Homestead's Memorandum in Opposition to Plaintiff's Motion to Amend Scheduling Order to Allow Additional Discovery Relating to Recently-Produced Documents ("Discovery Opposition") (ECF No. 104) at 1.

The parties disagree on the scope of the reopened discovery and who should pay for it.  Specifically, the plaintiff seeks to reopen the depositions of Homestead, David Greenstein, and Stacy Haase; to take a new deposition, of Elsa Rueff-Lyon; and to have the court shift all costs and fees associated with these depositions to Homestead.  Discovery Motion at 3-4.  Homestead agreed only to the Greenstein and Haase depositions, and offered an IT employee to be deposed about "the significance of the metadata associated with the electronic design files" from which its most recent production had come.  Discovery Opposition at 5.  Haase and Greenstein are employees of Homestead.  Any period of reopened discovery would necessarily extend other post-discovery deadlines as currently set by the operative scheduling order.  The plaintiff

5

nonetheless asserts that "[n]one of the requested relief should affect the currently scheduled trial date." Discovery Motion at 5.

With respect to its request to add a twelfth deposition, that of Elsa Rueff-Lyon, the plaintiff says only that the documents recently produced "show that Elsa Rueff[-]Lyon, David Greenstein, and Stacy Haase were the lead actors" in the effort to create Homestead's own "soft modern" bedding collection at Bed Bath & Beyond, and, "[i]n particular," that she "was the only Homestead employee to have attended the March 29, 2007 meeting at BBB at which it is believed that Ellington or one of its iterations was presented." *Id*. at 3-4. Homestead responds that the plaintiff has submitted nothing to support these factual assertions; that the plaintiff may question Greenstein and Haase about the recently-produced emails that provide the only possible support for those assertions; and that whether it created a "soft modern program" for Bed Bath & Beyond "is irrelevant to any issues on which Plaintiff bears the burden of proof at trial[.]" Discovery Opposition at 7.

On the showing made, the plaintiff has not established justification for allowing it another deposition above the 11 it has already been allowed to take. The plaintiff may reopen the depositions of Greenstein and Haase, with the proviso that any questions will be limited to matters concerning the documents produced by Homestead at the close of the discovery period.

As to the request to reopen the corporate deposition of Homestead, the plaintiff seeks to ask questions related to topics 1, 5, and 14 of its notice of that deposition. Those topics are the origin of the designs at issue, the dates of their first creation, the documents concerning the origin, creation, and revision of the designs, and the persons involved (topic 1); presentations to Bed Bath & Beyond "and others at which any of the Asserted Copyrights were presented" (topic

6

5); and document search and production (topic 14). Discovery Motion at 4.[2] It provides little detail in support of this request. Homestead responds that these topics "have already been covered during the depositions of Mr. Greenstein and Ms. Haase and Plaintiff should not be given a second bit at the apple." Discovery Opposition at 8. It also asserts that its proffered IT witness would address topics 1 and 14.

Since Homestead has offered to provide deposition testimony on topics 1 and 14, and since the reopened deposition would be that of the corporate defendant pursuant to Fed. R. Civ. P. 30(b)(6),[3] that deposition may be reopened. I will not order that the plaintiff accept Homestead's proffered IT witness for that purpose, although in general a corporate party being deposed may choose its witness(es) to address the areas specified in the relevant notice of deposition. I strongly urge counsel to resolve this sub-issue, if it indeed remains an issue, without the court's intervention. From all that appears, the depositions of Greenstein and Haase will adequately address topic 5 in the plaintiff's notice of the Rule 30(b)(6) deposition.

Finally, the plaintiff seeks an order shifting all of the costs and attorney fees incurred in this additional discovery to Homestead because "the error or omission is attributable to Defendant Homestead." Discovery Motion at 4. However, it is the plaintiff that has refused to take the reopened depositions via video. Homestead has offered an explanation for its last-minute production of a large amount of discoverable material that, while not entirely satisfactory, does make clear that it was not part of any deliberate effort to obstruct discovery. The plaintiff certainly has not established that Homestead acted in bad faith or vexatiously, nor does it even

---

[2] The plaintiff refers in its initial motion to this topic as number 11, but the correct number is apparently 14. Reply in Support of Motion to Modify Scheduling Order to Allow Additional Discovery by Plaintiff Relating to Recently-Produced Documents ("Discovery Reply") (ECF No. 113) at 5.

[3] The notice of that deposition states that "Homestead shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to each of the subject matters set forth in the attached Schedule A." Plaintiff's *Amended* Rule 30(b)(6) Notice of Deposition of Homestead International Group, Ltd. (ECF No. 97-7) at 1 (emphasis in original).

suggest that Homestead has violated any of the Federal Rules of Civil Procedure in this regard. In *Dubois v. United States Dep't of Agriculture*, 270 F.3d 77 (1st Cir. 2001), the only authority cited by the plaintiff for the proposition that "this Court has ample authority to impose costs and fees on Homestead for the additional discovery Plaintiff seeks[,]" Discovery Reply at 6, the party seeking an award of fees and costs did allege vexatious conduct. *Id*. at 80.  In that case, even though the defendant had made a false statement to the court, something far more grave than anything alleged by the plaintiff here, the First Circuit upheld the district court's denial of the plaintiff's request. *Id*. at 81.

### III.  Conclusion

For the foregoing reasons, (1) defendant Homestead's motion for leave to amend its answer is **GRANTED**; the amended answer shall be filed as a separate filing on the docket immediately; and (2) the plaintiff's motion to modify the scheduling order is **GRANTED** in part. The plaintiff may reopen the depositions of Homestead, Greenstein, and Haase, as limited in the body of this order, but must do so within 30 days from the date of this order.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 18th day of May, 2012.

                    /s/  John H. Rich III
                    John H. Rich III
                    United States Magistrate Judge